UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alexis R.L.S., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; U.S. Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; U.S. Immigration and Customs Enforcement; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, <br><br> Respondents. | Civ. No. 26-356 (JWB/SGE) <br><br><br> **ORDER <br> ON STIPULATION <br> FOR DISMISSAL** |

The Parties submitted a joint stipulation requesting a dismissal order that memorializes conditions imposed on Petitioner's release from immigration custody. (Doc. No. 14.)

To the extent that Petitioner requests dismissal by court order under Fed. R. Civ. P. 41(a)(2), that request is **DENIED**. The Court considers the dismissal terms improper based on the many rulings within this District finding detention unlawful under circumstances like those alleged here. *See, e.g.*, *Suhaib M. v. Noem*, Civ. No. 26-13 (JWB/DJF), Doc. No. 9 (D. Minn. Jan. 12, 2026); *see also Avila v. Bondi*, Civ. No. 25-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (Nov. 10, 2025); *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48,

1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025).

The Parties have not established any basis to find that release conditions have been properly imposed here. Their submission is also vague as to whether Petitioner's "Individual Service Plan" includes more conditions than the two specified in the stipulation. Most critically, Petitioner alleges that Respondents' masked agents arrested him in Minnesota after he dropped his child off at elementary school, flew him to Texas, released him there after two days with an ankle monitor, imposed restrictions on his movement away from his home, and required in-person and in-home inspections. On this record, it appears Respondents detained Petitioner unlawfully and then used that detention to impose and further negotiate conditions on restoring his freedom. Conditions imposed or negotiated under such circumstances will not be ratified by court order.

Nonetheless, Fed. R. Civ. P. 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. The Parties have filed such a stipulation here, and this matter will be closed.

Date: February 6, 2026       *s/ Jerry W. Blackwell*
                                                    JERRY W. BLACKWELL
                                                    United States District Judge